ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HON. JORGE ALFREDO RIVERA SEGARRA REPRESENTANTE DISTRITO 22; HON. HÉCTOR SANTIAGO TORRES SENADOR DISTRITO DE GUAYAMA; LCDA. YULIXA PAREDES ALBARRÁN ASPIRANTE A REPRESENTANTE DISTRITO 13; Y JORGE QUILES GORDILLO ASPIRANTE A REPRESENTANTE POR ACUMULACIÓN<br><br>Apelados<br><br>v.<br><br>HON. ANA IRMA RIVERA LASSEN ASPIRANTE COMISIONADA RESIDENTE MVC; EDGARDO CRUZ VÉLEZ ASPIRANTE COMISIONADO RESIDENTE MVC; ALEJANDRO SANTIAGO CALDERÓN ASPIRANTE SENADOR POR ACUMULACIÓN MVC; RAMÓN CRUZ DÍAZ ASPIRANTE SENADO POR ACUMULACIÓN MVC; EDWIN MARRERO MARTÍNEZ ASPIRANTE SENADO POR ACUMULACIÓN MVC; HON. RAFAEL BERNABÉ RIEFKOHL ASPIRANTE SENADOR POR ACUMULACIÓN MVC; HON. MARIANA NOGALES MOLINELLI ASPIRANTE REPRESENTANTE POR ACUMULACIÓN MVC; LCDO. OLVIN VALENTÍN RIVERA ASPIRANTE REPRESENTANTE POR ACUMULACIÓN MVC; GLADYS MYRNA CONTY HERNÁNDEZ ASPIRANTE REPRESENTANTE POR | **KLAN202400399** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2024CV01020<br><br>Sobre: DESCALIFICACIÓN DE ASPIRANTE Y CANDIDATOS (Artículo 7.5, Ley 58-2020) |

Número Identificador
SEN2024 _____

ACUMULACIÓN MVC; ANTHONY SÁNCHEZ APONTE ASPIRANTE A REPRESENTANTE POR DISTRITO 38 PD; STHEPHEN GIL ÁLAMO ASPIRANTE A REPRESENTANTE POR DISTRITO 38 PD; WILFREDO PÉREZ TORRES ASPIRANTE A REPRESENTANTE POR DISTRITO 38 PD; HON. JESSIKA PADILLA RIVERA PRESIDENTE INTERINA CEE; LCDA. LILLIAM APONTE DONES COMISIONADA MOVIMIENTO VICTORIA CIUDADANA; LCDA. VANESSA SANTO DOMINGO CRUZ COMISIONADA PARTIDO NUEVO PROGRESISTA; LCDA. KARLA ANGLERÓ COMISIONADA PARTIDO POPULAR DEMOCRÁTICO; ROBERTO IVÁN APONTE COMISIONADO PARTIDO INDEPENDENTISTA PUERTORRIQUEÑO; LCDO. NELSON ROSARIO COMISIONADO PROYECTO DIGNIDAD; Y PARTIDO MOVIMIENTO VICTORIA CIUDADANA

Apelantes

JOSÉ "Pichy" TORRES ZAMORA; KAREN RIQUELME CABRERA; LEYDA CRUZ BERRIOS; Y MARIGDALIA RAMÍREZ FORT

Interventores

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Per Curiam*

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece ante este foro el señor Stephen David Gil Álamo (en adelante señor Gil o apelante) y solicita que revisemos la *Sentencia* emitida y notificada el 21 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* las mociones de desestimación presentadas para no descalificar a los aspirantes y candidatos al amparo del Artículo 7.5 de la Ley Núm. 58 del 20 de junio de 2020, según enmendada, conocida como *Código Electoral de Puerto Rico de 2020* (en adelante, Código Electoral de 2020) y, por lo tanto, el señor Gil quedó descalificado como candidato y aspirante a la Cámara de Representantes al Distrito 38 por el Partido Proyecto Dignidad.

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el recurso de *Apelación* presentado.

**I.**

El caso de epígrafe inició con una querella presenta el 1 de febrero de 2024 para descalificar a varios aspirantes y candidatos al amparo del Artículo 7.5 del Código Electoral de 2020*,* y entre ellos se encontraba el señor Gil.

Tras varios tramites procesales, el 21 de marzo de 2024, el foro primario emitió *Sentencia m*ediante la cual declaró *No ha Lugar* las mociones de desestimación. Lo anterior tuvo el efecto, en lo aquí pertinente, de descalificar al señor Gil como candidato y aspirante a la Cámara de Representantes para el Distrito 38 bajo el Partido Proyecto Dignidad.

Así las cosas, el 1 de abril de 2024, se presentó ante este foro apelativo un recurso de *Apelación* con la codificación alfanumérica KLAN202400304, el cual fue consolidado con el KLAN202400359, en el que solicitan revocar la referida *Sentencia*.

Sin embargo, el 5 de abril de 2024, el señor Gil presentó una *Moción de Reconsideración y Solicitud de Determinaciones de Hechos Adicionales* ante el foro primario. Posteriormente, el 8 de abril de 2024, el señor Gil presentó una *Moción de Reconsideración y Solicitud de Determinaciones de Hechos Adicionales Enmendada* ante el foro primario.

En esa misma fecha, el Tribunal de Primera Instancia emitió *Orden* en la cual resolvió lo siguiente: "Nada que proveer. Asunto ante el Tribunal de Apelaciones."

Inconforme, el 22 de abril de 2024, el señor Gil presentó el recurso de *Apelación* de epígrafe y estableció doce (12) señalamientos de error.

En consecuencia, el 22 de abril de 2024, emitimos una *Resolución* en la que ordenamos al apelante mostrar causa por la cual no proceda desestimar el presente recurso de *Apelación* por falta de jurisdicción, ante su aparente presentación tardía.

En cumplimiento con nuestra *Orden*, el apelante compareció durante el día de hoy dentro del término concedido.

A esos efectos, damos por perfeccionado el recurso y procedemos a resolver.

**II.**

El Capítulo XIII del Código Electoral de 2020 recoge las disposiciones aplicables a la Revisión Judicial de casos bajo esta Ley. Específicamente, al amparo del

Artículo 13.3(1) del Código Electoral de 2020, "[c]ualquier parte afectada por una decisión del Tribunal de Primera Instancia, podrá presentar un recurso de revisión fundamentado en el Tribunal Apelaciones, dentro de los diez (10) días siguientes a la notificación de esta." 16 LPRA § 4843(1).

### III.

En el caso de epígrafe, el Tribunal de Primera Instancia notificó su *Sentencia* el 21 de marzo de 2024. Insatisfecho, el 5 de abril de 2024, el apelante presentó una *Moción de Reconsideración y Solicitud de Determinaciones de Hechos Adicionales*, y posteriormente, el 22 de abril de 2024 presentó el recurso de epígrafe. Sin embargo, previo a esos trámites, otras partes afectadas por la *Sentencia* apelada presentaron un recurso de *Apelación* el 1 de abril de 2024 y de esa manera el foro primario perdió su jurisdicción sobre el caso.

Ante estos hechos, cabe destacar que el apelante no cumplió con el Artículo 13.3 (1) del Código Electoral de 2020, el cual dispone un término de diez días para solicitar la revisión de una determinación del Tribunal de Primera Instancia ante este Tribunal de Apelaciones. Conforme a ello, y a partir de la fecha de notificación de la *Sentencia* apelada, el 1 de abril de 2024 venció el término para presentar un recurso apelativo en este Tribunal. El señor Gil presento su recurso en este Tribunal el 22 de abril de 2024, por lo que llegó 21 días tarde a este Foro.[1]

---

[1] Igualmente, tarde estaría el señor Gil si tomáramos el 8 de abril de 2024, cuando el Tribunal de Instancia dispuso "Nada Que Proveer" a la moción de reconsideración.

Por lo tanto, resolvemos que la presentación del recurso de *Apelación* en el caso de epígrafe fue tardía. En vista de lo anterior, este Tribunal carece de jurisdicción para atender el presente recurso en los méritos.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de *Apelación* presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones